IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| *Plaintiff,* | § § |
| v. | § CIVIL ACTION NO. 4:10-cv-03506 § § |
| TANDY BRANDS ACCESSORIES, INC. | § § § |
| *Defendant.* | § **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (the "ADEA"), to correct unlawful employment practices on the basis of age and to provide appropriate relief to Merta Withrow who was adversely affected by such practices. As alleged with greater particularity in paragraphs 9 through 12 below, Plaintiff, the Equal Employment Opportunity Commission, would show that, in violation of the ADEA, Defendant Tandy Brands Accessories, Inc. ("Defendant") terminated the employment of Ms. Withrow, then age 62, along with other older supervisors, as part of reduction in force while retaining two other, much younger supervisors in their early 40s. One of the younger supervisors assumed duties which Ms. Withrow had previously carried out and for which Ms. Withrow was clearly more qualified.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA,

29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Victoria Division.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Victoria Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. At all relevant times, Defendant has continuously been a Texas corporation doing business in the State of Texas, the County of Lavaca and the City of Yoakum, and has continuously had at least twenty (20) employees. Defendant may be served by serving its registered agent for service of process, CT Corporation, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

7. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b). These good faith attempts by the Commission failed.

## STATEMENT OF CLAIMS

8. Beginning on or about June 29, 2007, Defendant engaged in unlawful employment practices at its Yoakum, Texas facility, in violation of the ADEA, 29 U.S.C. § 623(a)(1).

9. Merta Withrow first began working for Defendant in or around 1970. Over the years, she rose through the ranks at Defendant's Yoakum, Texas facility, and from approximately 1993 until she was laid off, she held supervisory- or management-level positions, including the positions of Manager, Supervisor and Foreperson, in various departments at the facility.

10. Beginning approximately in 2003, Defendant started restructuring the business and cutting personnel through a reduction-in-force. In 2007, the Yoakum, Texas manufacturing factory was downsized and converted into a receiving and distribution facility. The facility was targeted to close in March 2010.

11. In 2007, Ms. Withrow was one of (10) ten department managers at the facility. On June 29, 2007, Ms. Withrow, then age 62, was ostensibly laid-off as part of the reduction-in-force. Two other supervisors, ages 75 and 70, were also laid-off on June 29, 2007. On October 15, 2007, three more supervisors, ages 61, 60, and 58, were laid-off. The only two Operations

supervisory personnel or Department Managers who remained employed by Defendant beyond these 2007 series of lay-offs were two individuals in their early 40s, Mike Nobles ("Nobles") and Keith Morris.

12. Following the 2007 restructuring, Nobles assumed the Receiving and Returns Supervisor position. Nobles had no prior experience in that position.

13. Ms. Withrow, on the other hand, had held managerial positions in Receiving, including that of Receiving Supervisor since at least 1993 until 1998, when she was transferred to the Foreperson position in the belt department.

14. Accordingly, Ms. Withrow was better qualified for the Receiving Supervisor position than Nobles.

15. However, as a means to infuse the workplace with a "new spirit," as Defendant touts on its internet website, Defendant chose to retain Nobles, the substantially younger supervisor.

16. The effect of the practices complained of in paragraphs 11 through 15 above has been to deprive Ms. Withrow of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

17. The unlawful employment practices complained of in paragraphs 11 through 15 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from terminating employees on the basis of age.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including, but not limited to, instituting and carrying out annual training of all supervisors and managers on age discrimination laws.

D. Grant a judgment requiring Defendant to make Mertha Withrow whole by paying appropriate back wages in an amount to be determined at trial, as well as an equal sum as liquidated damages, and/or prejudgment interest in lieu thereof, for Defendant's willful conduct, to Merta Withrow whose wages are being unlawfully withheld as a result of the acts complained of above.

E. Order Defendant to make Merta Withrow whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to, reinstatement or front pay in lieu thereof, if reinstatement is impractical.

F. Order Defendant to make whole Mertha Withrow by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses,

5

        including those related to job searches and insurance, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


  /s/ Connie K. Wilhite
CONNIE K. WILHITE
Attorney-in-Charge

Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002