IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> *Plaintiff*, <br><br> v. <br><br> TANDY BRANDS ACCESSORIES, INC. <br><br> *Defendant*. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:10-cv-03506 |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") and Defendant Tandy Brands Accessories, Inc. ("Tandy Brands" or "Defendant") (collectively, the "Parties") in the United States District Court for the Southern District of Texas, Houston Division, with regard to the EEOC's Complaint, filed in the above-entitled action, Civil Action No. 4:10-cv-03506. The Complaint was based upon a Charge of Discrimination (the "Charge") filed by Merta Withrow ("Ms. Withrow" or the "Charging Party") against Tandy Brands under Charge No. 460-2008-00730.

1. The above-referenced Complaint filed by the EEOC alleges that Defendant violated the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), by unlawfully discriminating against the Charging Party because of her age, over 40, and unlawfully terminating her employment in connection with a reduction-in-force.

1

2. The discrimination described in the Complaint is alleged to have occurred at Defendant's Yoakum, Texas facility. That facility has since ceased operations in its entirety and is no longer in existence. Accordingly, the provisions of this Consent Decree ("Decree") apply to Defendant at all of its remaining business offices and facilities.

3. The Parties agree to compromise and settle the differences embodied in the Charge filed by the Charging Party and the Complaint filed by the EEOC, and intend that all terms and conditions of the compromise and settlement be set forth in this Decree

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the Court ORDERS that:

1. This Decree resolves all issues raised in the EEOC Charge referenced above. This Decree further resolves all issues in the Complaint filed by the EEOC in this civil action. The EEOC waives any further claims and/or litigation on all issues raised in the above-referenced Charge and Complaint. This Decree in no way affects the EEOC's right to process or litigate charges, other than the above-referenced Charge, against Defendant or any other respondent, and the EEOC makes no waiver of such right.

2. The Parties agree that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been met.

3. Defendant is hereby enjoined from engaging in, promoting or knowingly allowing any acts of unlawful age discrimination or wrongful discharge in violation of the ADEA. Defendant agrees to comply with the ADEA in all respects.

2

4. Defendant shall pay to Ms. Withrow the total sum of Ninety-Five Thousand and no/100 dollars ($95,000.00) (the "Settlement Fund") in full and final settlement of all claims which were or could have been raised in this cause inclusive of costs and attorneys' fees. Said sum shall be paid by check or cashier's check (the "settlement check") to Ms. Withrow, under the terms more specifically explained in paragraphs 6, 7 and 8 below.

5. Defendant shall **not** condition the receipt of payment of the Settlement Fund, nor any portion thereof, on the agreement of the Charging Party to maintain as confidential the terms of this Decree or any other matters on the public record.

6. Defendant shall deliver the settlement check to the Charging Party by overnight U.S. mail, United Parcel Service, Federal Express, or a comparable service provider, within fourteen (14) days of the entry of this Decree. Within five (5) business days of the delivery of the settlement check to the Charging Party, a copy of the check shall be mailed to the EEOC by Defendant.

7. In the event that the settlement check payable to the Charging Party is not cashed or deposited within thirty (30) days of its delivery to the Charging Party, Defendant shall notify the EEOC within ten (10) days following the expiration of the thirty day period. Within ten (10) days thereafter, the EEOC will provide appropriate instructions for the purposes of effectuating the payment of the Settlement Fund to the Charging Party, including instructions regarding reissuance and/or redelivery of the settlement check, as necessary. Defendant shall comply with these instructions and reissue and/or redeliver a (replacement) settlement check to the Charging Party within ten (10) days of receipt of the instructions from the EEOC. In the event that the reissued/redelivered settlement check is not cashed or deposited within thirty (30) days of delivery to the Charging Party, Defendant shall once again notify the EEOC within ten (10) days. **No portion**

**of the Settlement Fund shall ever revert back to Defendant.**

8. The sums payable to the Charging Party may be subject to federal income tax. For all sums paid pursuant to this Decree, not later than January 31, 2012, Defendant shall issue an individual Internal Revenue Service ("IRS") Form 1099 to the Charging Party for the total Settlement Fund.

9. Defendant shall complete, in a type-face and font-size acceptable to the EEOC, and conspicuously post, the Notice appended hereto as Exhibit "A" in all remaining business offices and/or facilities owned and/or operated by Defendant in a location within each such office or facility readily and normally accessible to all managers, supervisors and employees. Such posting shall be accomplished within twenty-one (21) days after entry of this Decree. Within fourteen (14) days after the posting of the Notice, Defendant shall notify the EEOC that the Notice has been posted and shall identify the location or location(s) in the workplace where the Notice is posted, including the physical address of each such workplace. The Notice shall remain posted at all times during the term of this Decree.

10. Defendant shall maintain and enforce its (1) policies prohibiting discrimination; and (2) internal complaint procedures for Defendant's employees to notify Defendant of any alleged complaints of discrimination and retaliation. Defendant shall continue to maintain appropriate personnel to receive such complaints, and shall prominently post such information in a location within each such office or facility readily and normally accessible to all managers, supervisors and employees, or shall distribute such information individually to each manager, supervisor and employee. The Notice appended hereto as Exhibit "A" may be utilized for the purpose of employee notice of such designation.

4

11. Defendant shall maintain and utilize effective guidelines for investigating internal complaints of discrimination and retaliation, and shall maintain and/or designate appropriate personnel to conduct such investigations. In addition, Defendant shall maintain and/or develop and implement a plan to ensure the timely acknowledgment of and follow-up with regard to employee complaints of discrimination or retaliation.

12. The policies, procedures and guidelines to be utilized by Defendant, referenced in paragraphs 10 and 11 above, are those that have been submitted by Defendant within fifteen (15) days after the entry of this Decree and approved by the EEOC within another fifteen (15) days (if no changes are made or suggested by the EEOC during that time period, the policies, procedures and guidelines shall be deemed approved). During the term of the Consent Decree, the EEOC must approve any substantive changes to such policies, procedures, and guidelines before any such changes are implemented in the workplace. The same fifteen (15) day approval period by the EEOC as described above shall apply to any proposed changes.

13. Within ninety (90) days of the entry of this Decree, and annually thereafter during the term of this Decree, all managers, supervisors, and Human Resources personnel of Tandy Brands at all remaining offices and facilities shall attend professional equal employment opportunity training. The training shall be conducted by an outside, independent EEO specialist selected by Defendant and approved by the EEOC. The training shall advise all trainees of the requirements and prohibitions of the federal anti-discrimination laws with a special emphasis on age discrimination, as well as retaliation. The training will also inform all such personnel of the complaint procedure for individuals who believe they have experienced discrimination. In addition, the training will advise managers and supervisors of the consequences of violating the federal anti-discrimination laws. The

training shall be at least two (2) hours in duration.

14. At least thirty (30) days prior to the training session described in paragraph 13 of this Decree, Defendant shall provide to the EEOC the name of the instructor(s) conducting the training sessions, his or her (their) title(s) or affiliation(s), and his or her (their) qualifications for conducting the training. If the EEOC does not approve the instructor, it shall so notify Defendant within fifteen (15) days of receipt of the information. Defendant shall then have fifteen (15) days to submit information to the EEOC pertaining to a new trainer to be utilized. Defendant shall also provide to the EEOC a copy of the outline of the curriculum to be discussed in the training for the EEOC's records. The outline shall be submitted to the EEOC at least ten (10) days in advance of the training.

15. No more than thirty (30) days after the training session described in paragraph 13 of this Decree is conducted, Defendant shall provide written confirmation of the provision of such training and shall notify the EEOC as to the date and location of the training. The notice provided to the EEOC must include a written acknowledgment of receipt of the training by each and every individual who attends the training, and which legibly includes each such attendee's name, gender and job title, as well as the signature of each such attendee. Defendant may utilize a group sign-in sheet for this purpose so long as all the information required by this paragraph is included.

16. With the first pay stub forwarded to each and every employee following implementation of the policies referenced in paragraphs 10 and 12 above, Defendant shall include a one-page notice of Defendant's anti-discrimination policy and complaint procedure.

17. Within ninety (90) days of the entry of this Decree, Defendant shall implement its revised Employee Manual which contains, among other provisions, the policies and procedures referenced in paragraphs 10 and 12 above that have been approved by the EEOC in accordance with

paragraph 12. During an implementation period of thirty (30) days, Defendant shall hold meetings for which attendance is required of all employees, either in person or by telephone, of at least thirty (30) minutes in duration, to inform all employees of the key provisions of the Handbook, including the policies and procedures referenced in paragraphs 10 and 12 above. The number of such meetings necessary to complete this implementation shall be at the discretion of Defendant. Following implementation, Defendant shall provide to all new hires copies of the notice referenced in paragraph 16 above and the Employee Handbook, and shall verbally notify all such new hires of the key provisions of the Handbook, including the policies and procedures referenced in paragraphs 10 and 12 above.

18. Defendant shall remove from its personnel files pertaining to Ms. Withrow all documents, entries and references relating to the facts and circumstances which led to the filing of the Charge, as well as any copies of or references to the Charge and/or the Complaint filed by the EEOC in the instant matter. Defendant shall segregate any such documents and maintain them in a separate, confidential litigation file. Defendant shall report to the EEOC within thirty (30) days of the entry of this Decree that it has complied with this paragraph.

19. If contacted for a job reference by a prospective employer of Ms. Withrow's, Defendant shall provide a job reference which includes only the following information: dates of employment and the position held by the Charging Party at the time her employment ended.

20. During the term of this Decree, the EEOC shall have the right, upon reasonable notice to Defendant of at least five (5) business days, to enter onto and inspect the premises of Tandy Brands to ensure compliance with this Decree and federal anti-discrimination laws.

21. All reports and notices to the EEOC required by this Decree shall be sent to Connie

K. Wilhite, Senior Trial Attorney, at the EEOC, 1919 Smith St., 7th Floor, Houston, Texas 77002, or such other address as may be designated by the EEOC and provided to Defendant.

22. This Decree shall be binding on Defendant and all successors-in-interest to the businesses owned or managed by Defendant, and Defendant shall notify all such successors-in-interest or potential successors-in-interest of the existence and terms of this Decree by providing a copy of the Decree.

23. Neither the EEOC nor Defendant shall contest the validity of this Decree nor the retained and continuing jurisdiction of the federal district court to enforce this Decree and to permit entry of such further orders or modifications as may be appropriate.

24. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event Defendant fails to perform any of the promises, agreements, representations and orders contained herein. Upon belief that a material breach of this Decree has occurred, except for a claim of non-payment of the Settlement Fund or any portion thereof, the EEOC will not seek compliance with the Decree through civil action in the United States District Court, without first giving Defendant thirty (30) days notice and an opportunity to cure. The EEOC also reserves the right to seek contempt sanctions for non-payment and/or other non-compliance with this Decree. The EEOC shall not be bound by Defendant's representations that it has satisfied any particular provision of this Decree or that it has cured any partial or total non-compliance with any provision thereof.

25. The Parties to this Decree agree to bear their own costs and attorney's fees associated with this lawsuit and any dispute related to the Decree.

26. The term of this Decree shall be for two (2) years.

SO ORDERED, ADJUDGED AND DECREED this 28th day of March, 2011.

_____
THE HONORABLE KEITH P. ELLISON.
UNITED STATES DISTRICT COURT JUDGE


APPROVED AND
ENTRY REQUESTED:


FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

JIM SACHER, TBA No. 17503300
Regional Attorney

ROSE ADEWALE-MENDES, Ohio State Bar No. 0024652
Supervisory Trial Attorney

_/s/ Connie K. Wilhite_____
CONNIE K. WILHITE, Senior Trial Attorney
TBA No. 00792916
S.D. Tex No. 423997

EEOC, Houston District Office
1919 Smith St., 7th Floor
Houston, Texas 77002
Tel. No. 713.209.3390; Fax No. 713.209.3402


FOR DEFENDANT TANDY BRANDS ACCESSORIES, INC.

_/s/ Sean C. Urich_____
DAN C. DARGENE
TBA No. 05384200
SEAN C. URICH
TBA No. 24033287

9

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
Tel. No. 214.987.3800; Fax No. 214.987.3927

FOR DEFENDANT TANDY BRANDS ACCESSORIES, INC.